IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAHID KHATIB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-2136 |
| | § | |
| ROSS STORES, INC. AND | § | |
| JEFF JENKINS, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT ROSS STORES, INC.'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE AND CLERK OF THE COURT:

COMES NOW Defendant Ross Stores, Inc. ("Ross") and files its Notice of Removal. As grounds for removal, Ross respectfully shows the Court as follows:

**A.    DIVERSITY OF CITIZENSHIP**

1.    On May 27, 2021, an action was commenced in the 113th Judicial District Court in Harris County, Texas entitled, "Nahid Khatib v. Ross Stores, Inc. and Jeff Jenkins," and assigned Cause No. 2021-319870 (hereinafter referred to as the "State Court Action").

2.    Ross received a copy of Plaintiff's Original Petition ("Plaintiff's Petition") and was served with process through its registered agent on June 3, 2021. Therefore, in accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within 30 days after Ross' receipt of the initial pleading of Plaintiff Nahid Khatib ("Plaintiff") setting forth the grounds upon which removal is based.

3.    Defendant Jeff Jenkins ("Jenkins") received a copy of Plaintiff's Petition and was served with process by delivery to Jenkins in person on June 2, 2021.

4.    The State Court Action is removable under 28 U.S.C. §1441(a) and (b). This Court has original jurisdiction over this action based on complete diversity of citizenship

between the parties and the amount in controversy.  At the time that Plaintiff's Petition was filed in the State Court Action and at the time of the filing of this Notice of Removal, Ross was and is diverse in citizenship from Plaintiff.

5.      Plaintiff resides in Humble, Harris County, Texas and is a citizen of Texas for purposes of diversity jurisdiction.

6.      Ross was at the time that the State Court Action was filed and has remained at all other relevant times, including the date of the filing of this Notice of Removal, a corporation organized and existing under the laws of Delaware with its principal place of business located in Dublin, California.  Accordingly, Ross is a citizen of Delaware and California, and is not a citizen of Texas, for purposes of diversity jurisdiction.

7.      Jenkins, a citizen of the State of Texas, is a party whose citizenship is not considered in determining diversity of citizenship because Plaintiff's joinder of Jenkins as a co-Defendant is improper, or fraudulent, and was done in an attempt to defeat diversity.  Therefore, Jenkins' citizenship should be disregarded for the purpose of establishing diversity jurisdiction. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (when a plaintiff improperly joins a non-diverse defendant, the court may disregard the citizenship of that defendant and exercise jurisdiction); *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018) (court may disregard the citizenship of an improperly joined defendant for purposes of determining whether the court has subject matter jurisdiction based on diversity).

## B.   PLAINTIFF'S IMPROPER JOINDER OF JENKINS AS A DEFENDANT

8.      Removal jurisdiction is determined based on the claims asserted in the state court complaint as the pleading exists when the case is removed.  A plaintiff cannot defeat removal by amending his petition. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264-65 (5th Cir. 1995); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 834 (E.D. Tex. 2008) (court must

base determination of improper joinder on analysis of causes of action alleged in the plaintiff's petition at the time of removal).

9.      A defendant can establish improper joinder in two ways: by showing (a) actual fraud in the pleading of jurisdictional facts or (b) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  Under the second method, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Id.*  The mere theoretical possibility that the plaintiff may recover from a nondiverse defendant is not sufficient to preclude a finding of improper joinder; the possibility must be reasonable.  *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir.2003).  As explained below, based on Plaintiff's allegations in Plaintiff's Petition and the law, there is no reasonable possibility that Plaintiff can establish a negligence claim against Jenkins for which he could be held personally liable to Plaintiff.

10.      In this personal injury action, Plaintiff, a Retail Associate, seeks recovery from Ross and Jenkins, Assistant Store Manager, for a job-related injury that Plaintiff alleges occurred on or about October 21, 2019 (the reported date of the alleged injury is October 20, 2019) at the store located at 9815A Farm to Market 1960 Bypass Road West in Humble, Texas.  When the incident allegedly occurred, Plaintiff was standing on a stool while she was organizing scarves.  According to Plaintiff, she fell off of the stool and injured her right shoulder and right knee.  See Ex. B-1, Plaintiff's Petition, p. 2, § IV; Ex. E, Incident Reporting – Job Aid; Ex. F, Employer's First Report of Injury.

11.      Plaintiff alleges in Plaintiff's Petition that Ross proximately caused the alleged incident and Plaintiff's damages as a result of Ross' negligent acts and/or omissions including,

but not limited, the following: (a) failing to ensure that the premises were safe for invitees and the public and were free from conditions that posed an unreasonable risk of harm to a person present on the property; (b) failing to warn or give notice to Plaintiff of any unreasonable risk of harm to Plaintiff; (c) failing to make the dangerous conditions that caused Plaintiff's alleged injuries reasonably safe; (d) failing to inspect, maintain and/or repair the premises; (e) failing to maintain responsibility regarding protecting invitees, guests, patrons, and the public; and (f) failing to follow and/or implement safety and health policies, procedures, regulations, and/or rules that would protect Plaintiff and the public from being harmed or injured.  See Ex. B-1, Plaintiff's Petition, pp. 3-4, § V.

12.    Plaintiff has also asserted a negligence claim against Jenkins for the same alleged job-related incident made the basis of her negligence claim against Ross.  In section V of Plaintiff's Petition under the subsection entitled, "Negligence: Against All Defendants," Plaintiff alleges that Jenkins committed the identical negligent acts and/or omissions as Ross.  According to Plaintiff, Jenkins engaged in the same negligent conduct identified in Plaintiff's allegations (a) through (f) that she claims that Ross committed.  See Ex. B-1, Plaintiff's Petition, pp. 3-4, § V.

13.    In section V of Plaintiff's Petition under the subsection entitled, "Negligence: Against Jenkins," Plaintiff further alleges that Jenkins was negligent because he failed (a) to ensure that the premises were safe for invitees and the public and were free from conditions that posed an unreasonable risk of harm to a person present on the property; (b) to adequately hire, train, and/or supervise personnel on the premises; and (c) to make the dangerous conditions on the premises reasonably safe.  See Ex. B-1, Plaintiff's Petition, p. 4, § V.

14.    Plaintiff further alleges that Ross and Jenkins breached the same duty of ordinary care to Plaintiff as an invitee on the premises of the store.  See Ex. B-1, Plaintiff's Petition, p. 3, § V.

15.     Plaintiff has also pleaded that Jenkins was an employee, agent, or servant of Ross and that therefore Ross is liable under the doctrine of respondeat superior for Jenkins' alleged negligent actions.  See Ex. B-1, Plaintiff's Petition, p. 3, § V.

16.     Plaintiff cannot establish a negligence claim against Jenkins in his individual capacity.  In *Leitch v. Hornsby*, the Texas Supreme Court held that although corporate agents and employees may be held liable for their own acts of negligence under certain circumstances, individual liability for negligence arises only when the officer, agent, or employee owes an independent duty of reasonable care to the injured party, including a co-employee, apart from the employer's duty.  *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).  A corporate agent or employee may not be held individually liable unless he breaches an independent duty of care that he owed to the injured party that is separate from his employer's duty.  *Id.*

17.     Plaintiff also states in Plaintiff' Petition that she was an invitee who was shopping at the store when the incident occurred, that Jenkins was the manager of the premises, and that Jenkins negligently managed the premises.  See Ex. B-1, Plaintiff's Petition, pp. 2-4, §§ IV, V.  Even if Plaintiff was a non-employee invitee on the premises (which is not true), there is no reasonable possibility that Plaintiff can establish a negligence claim against Jenkins on this basis.  Courts have held that *Leitch* applies in negligence claims brought by plaintiffs who are non-employee invitees and that a store or premises manager cannot be held individually liable for his negligence in performing his duties for his employer.  *Solis v. Wal-Mart Stores E., L.P.*, 617 F. Supp. 2d 476, 481 (S.D. Tex. 2008); *Bourne*, 582 F. Supp. 2d at 837-38.

18.     Plaintiff's Petition contains no allegation that Jenkins owed her any independent duty of care apart from Ross' duty to Plaintiff.  See Ex. B-1, Plaintiff's Petition, pp. 2-4, §§ IV, V.  Plaintiff alleges identical negligent acts and omissions by Jenkins and Ross as the cause of her alleged injury.  See Ex. B-1, Plaintiff's Petition, pp. 3-5, § V.  All of Jenkins' alleged actions

that Plaintiff claims constitute negligence are based on Jenkins' performance of his duties as an employee.  <u>See</u> Ex. B-1, Plaintiff's Petition, pp. 3-4, § V.  Plaintiff does not contend that Jenkins took any actions outside of his employment.  <u>See</u> Ex. B-1, Plaintiff's Petition, pp. 3-4, § V.

19.     Furthermore, Jenkins' alleged negligence relates to workplace safety.  Since the duty to provide employees with a reasonably safe place to work belongs exclusively to the employer and is nondelegable, Jenkins owed no duty individually to provide a reasonably safe workplace to Plaintiff.  *See Leitch*, 935 S.W.2d at 118.

20.     No allegations have been made that Jenkins was directly involved or participated in the specific events of the alleged incident.  <u>See</u> Ex. B-1, Plaintiff's Petition, pp. 3-4, §§ IV, V.

21.     Under these circumstances, Texas law precludes a finding of individual liability against Jenkins for negligence.  Because Plaintiff has not pleaded a viable negligence claim against Jenkins in the State Court Action and Plaintiff has no reasonable possibility of recovering against Jenkins individually, the Court should disregard his citizenship in determining diversity jurisdiction.  *See Flagg*, 819 F.3d at 136 (citizenship of improperly joined non-diverse defendant disregarded); *Allen*, 907 F.3d at 183.  Since no reasonable basis exists for the Court to predict that Plaintiff might be able to recover against Jenkins, removal is proper.

## C.     THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 THRESHOLD.

22.     The amount in controversy in Plaintiff's negligence claims, separately and/or aggregated, exceeds $75,000, exclusive of interest and costs.

23.     According to Plaintiff, the injuries and damages that she allegedly sustained as a result of the alleged incident are severe and serious.  <u>See</u> Ex. B-1, Plaintiff's Petition, pp. 2, 4. § V.  As alleged in Plaintiff's Petition, Plaintiff seeks to recover money damages as compensation for five different categories of damages for her alleged injury on or about October 20, 2019.  These alleged damages consist of past and future (a) medical expenses, (b) lost wages, (c) loss of

earning capacity, (d) physical pain and mental anguish, and (e) physical impairment. As indicated in Plaintiff's Petition, Plaintiff's damages continue to accrue.  Plaintiff seeks monetary relief in an amount in excess of $250,000 but less than $1,000,000.  See Ex. 2-A, Plaintiff's Petition, p. 5, § VI.

**D.    CONCLUSION**

24.    It is not necessary for Jenkins to consent to removal to this Court because Plaintiff improperly joined Jenkins as a Defendant in this action.  *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (improperly joined defendants do not need to consent to removal); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  Nevertheless, Jenkins consents to removal. Jenkins' consent is evidenced by the signature of his counsel on this Notice of Removal.

25.    Since this lawsuit is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Therefore, the State Court Action may be removed in accordance with 28 U.S.C. § 1441(b).

26.    Under 28 U.S.C. § 1441(a), venue of a removed action is proper in the district and division embracing the place where the state court case is pending.  Since the State Court Action is currently pending in the 113th Judicial District Court, Harris County, Texas, removal to the United States District Court for the Southern District of Texas, Houston Division, is proper.

27.    In accordance with Local Rule 81 of the United States District Court for the Southern District of Texas and 28 U.S.C. § 1446(a), in addition to an Index of All Matters Filed with Defendant Ross Stores, Inc.'s Notice of Removal, the following documents identified below are appended as Exhibits.  The state court judge has not issued any orders in the State Court Action.

Exhibit A     All executed process in this case;

Exhibit B     Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings;

Exhibit C     State court docket sheet;

Exhibit D     A list of all counsel of record, including address, telephone numbers and parties represented;

Exhibit E     Incident Reporting – Job Aid; and

Exhibit F     Employer's First Report of Injury.

28.     As required by 28 U.S.C. §1446(d), Ross will give written notice to Plaintiff of this Notice of Removal.  A Notice of Removal to Federal Court, including a copy of this Notice of Removal and the exhibits appended hereto, will be filed with the Harris County District Clerk for the 113tth Judicial District Court, Harris County, Texas.

29.     Plaintiff demanded a jury trial in Plaintiff's Petition.  <u>See</u> Ex. B-1, Plaintiff's Petition, p. 5, § VII.

WHEREFORE, PREMISES CONSIDERED, Defendant Ross Stores, Inc. requests that the Court assume full jurisdiction of this cause as if it had been originally filed in this Court, that further proceedings in the State Court Action be stayed, and for such other and further relief, at law or in equity, general or special, to which Ross may be justly entitled.

Respectfully submitted,

By:/s/ William O Ashcraft _____
    William O Ashcraft, Esq.
    Attorney-in-Charge
    State Bar No. 01372800
    Southern District of Texas Bar No. 11654

    ASHCRAFT LAW FIRM
    3850 Republic Center
    325 North St. Paul Street
    Dallas, Texas 75201
    Telephone: (214) 987-0660
    Facsimile: (214) 987-3847
    Email: woa@ashcraftlawfirm.com

    ATTORNEYS FOR DEFENDANTS
    ROSS STORES, INC. AND JEFF
    JENKINS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant Ross Stores, Inc.'s Notice of Removal was served via the electronic case filing system upon counsel of record for Plaintiff on the 30th day of June 2021, as follows:

Brent M. Cordell, Esq.
Antone L. Peterson, Esq.
SMITH & HASSLER
1225 North Loop West, Suite 525
Houston, Texas 77006
Email/E-Service: cordell@smithandhassler.com

/s/ William O Ashcraft _____
William O Ashcraft