5/27/2021 11:57 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 53875366
By: Patricia Jones
Filed: 5/27/2021 11:57 AM

# 2021-31870 / Court: 113

Cause No. \_\_\_\_\_ - _____

| | | |
|---|---|---|
| NAHID KHATIB, | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROSS STORES, INC. and | § | |
| JEFF JENKINS, | § | |
| *Defendants*. | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NAHID KHATIB, (hereinafter "KHATIB" or "PLAINTIFF"), and files Plaintiff's Original Petition complaining of ROSS STORES, INC. and JEFF JENKINS, (collectively "DEFENDANTS"), and for cause of action and grounds for recovery would respectfully show unto this Honorable Court the following:

### I. PARTIES

PLAINTIFF, NAHID KHATIB, is an individual who resided in Texas at the time the cause(s) of action accrued.

Defendant, ROSS STORES, INC., ("ROSS"), a corporation organized and existing under the laws of the State of Delaware, is authorized to do business in Texas and may be served with process by serving its Registered Agent, CT CORPORATION SYSTEM, at 350 N. ST. PAUL STREET, SUITE 2900, DALLAS, TEXAS 75201, or wherever it may be found.

Defendant, JEFF JENKINS, ("JENKINS"), is an individual who resided in Texas at the time the cause(s) of action made the basis of this lawsuit accrued. Defendant JENKINS may be served with process at his last known place of employment: 9815A

EXHIBIT

B-1

1

FARM TO MARKET 1960 BYPASS ROAD W, HUMBLE, TX 77338, or wherever he may be found.

## II. JURISDICTION, VENUE & ANTI-REMOVAL

This Court has jurisdiction over this controversy, because the damages are within the jurisdictional limits of this Court. Venue is proper in Harris County, Texas, pursuant to Tex. CPRC §15.002, because a substantial part of the events or omissions giving rise to the claims occurred in Harris County. Removal of this case to Federal Court would be improper, because complete diversity of citizenship does <u>not</u> exist (there is <u>no</u> diversity jurisdiction) and no federal question exists (<u>no</u> federal question jurisdiction).

## III. DISCOVERY LEVEL

PLAINTIFF requests that discovery in this case be governed at the Level 3 category, pursuant to Tex. R. Civ. P. 190.4.

## IV. FACTUAL BACKGROUND

On or about October 21, 2019, KHATIB was an invitee of DEFENDANTS, shopping at ROSS' store at 9815A FARM TO MARKET 1960 BYPASS ROAD W, HUMBLE, TX 77338, which ROSS owned and negligently operated, and on information and belief Defendant JENKINS negligently managed, when suddenly and without warning, PLAINTIFF fell off of a slippery stool, which caused PLAINTIFF severe injuries and damages.

DEFENDANTS' failure to inspect, maintain and/or repair ROSS' premises, failure to prevent unreasonably dangerous condition(s) on the premises and failure to warn KHATIB of the unreasonably dangerous condition(s) caused KHATIB's severe injuries.

## V. CAUSES OF ACTION
## NEGLIGENCE: AGAINST ALL DEFENDANTS

PLAINTIFF contends that she was an invitee of DEFENDANTS at the time of the accident. Because ROSS' store was open to the public, and KHATIB was an invitee of ROSS' store, ROSS had extended an invitation to KHATIB to be in its store. Both ROSS, as premises owner/operator, and JENKINS, as premises manager, owed KHATIB the duty of reasonable care to warn her and/or make reasonably safe any known dangerous condition, and/or to reduce or eliminate any unreasonable risk of harm to KHATIB while an invitee.

KHATIB would show that DEFENDANTS breached the duty of ordinary care owed to her as an invitee. KHATIB contends that the accident made the basis of this lawsuit occurred, because DEFENDANTS committed various acts and/or omissions of negligence that were a direct and/or proximate cause of the injuries and damages sustained by KHATIB, to include, but not limited to, the following: ROSS, as premises owner/operator, and JENKINS, as premises manager:

(a)     Failed to ensure that the premises were safe for invitees and the public, and free from conditions that posed an unreasonable risk of harm to a person present on the property;

(b)     Failed to warn or give notice to KHATIB of any unreasonable risk of harm to KHATIB;

(c)     Failed to make reasonably safe the dangerous conditions, which as a direct and proximate result, caused KHATIB to sustain serious bodily injuries;

(d)     Failed to inspect, maintain and/or repair the premises;

(e)     Failed to maintain responsibility in regards to protecting the safety of invitees/guests/patrons/the public; and

(f)    Failed to follow and/or implement safety and health policies, procedures, regulations, and/or rules that would protect the public at large, including KHATIB, from being harmed or injured.

## NEGLIGENCE: AGAINST JENKINS

Including and in addition to the above, JENKINS committed various acts and/or omissions of negligence that were a direct and/or proximate cause of the injuries and damages sustained by KHATIB, to include, but not limited to, the following: JENKINS, as premises manager:

(a)    Failed to ensure that the premises were safe for invitees and the public and free from conditions that posed an unreasonable risk of harm to a person present on the property;

(b)    Failed to adequately hire, train and/or supervise personnel at the premises; and

(c)    Failed to make reasonably safe the dangerous conditions to persons on the premises.

## *RESPONDEAT SUPERIOR*

Further, pursuant to the doctrine of *respondeat superior*, ROSS as the owner/operator of the premises, should be held responsible for the negligent actions and conduct of one or more of its employees, agents or servants (including JENKINS), which directly and proximately caused the serious injuries of which KHATIB now complains.

DEFENDANTS' negligent conduct and/or omissions, as described above, taken singularly or in any combination, were the direct and/or proximate cause of the accident and KHATIB's injuries.

## VI. DAMAGES

As a direct and proximate result of the above-described acts of negligence of DEFENDANTS, KHATIB will show she suffered actual damages within the jurisdictional limits of this Court. Specifically, KHATIB's damages are as follows:

(a)     Physical pain and mental anguish in the past and future in an amount to be determined by the jury;

(b)     Reasonable and necessary cost of medical care and treatment in the past and future;

(c)     Physical impairment in the past and future in an amount to be determined by the jury;

(d)     Wage loss in the past and future;

(e)     Loss of earning capacity in the past and future;

(f)     Pre-judgment and post-judgment interest;

(g)     All other special items of damage necessarily incurred as a result of DEFENDANTS' conduct; and

(h)     Monetary relief greater than $250,000.00, but less than $1,000,000.00.

## VII. JURY DEMAND

PLAINTIFF demands a trial by jury on all issues set forth herein.

## VIII. RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, PLAINTIFF KHATIB hereby gives actual notice to DEFENDANTS that any and all documents produced may be used against the DEFENDANTS at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## IX. CONDITIONS PRECEDENT

All conditions precedent to DEFENDANTS' liability have either occurred or been satisfied.

## X. MISNOMER

In the event any party or parties are misnamed, or are not included herein, it is PLAINTIFF's contention that such was a "misnomer" of parties named herein.

## XI. PRAYER

For these reasons, PLAINTIFF prays this court cite DEFENDANTS to appear and answer herein and that PLAINTIFF have judgment taken against DEFENDANTS, jointly and severally, and recover all damages allowed by law, pre-judgment and post-judgment interest as allowed by law, costs of court and all other relief, both general and special, at law or in equity, which this Honorable Court deems appropriate.

Respectfully submitted,

SMITH & HASSLER

/s/ Brent M. Cordell
Texas Bar No. 24005953
/s/ Antone L. Peterson
Texas Bar No. 24113439
1225 North Loop West, Suite 525
Houston, Texas 77008
For E-service Only:
cordell@smithandhassler.com
Tele: (713) 739-1250
Fax: (713) 864-7226

**ATTORNEYS FOR PLAINTIFF
NAHID KHATIB**