United States District Court
Southern District of Texas
**ENTERED**
September 15, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAHID KHATIB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-2136 |
| | § | |
| ROSS STORES, INC. and | § | |
| JEFF JENKINS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nahid Khatib ("Plaintiff") filed this action on May 27, 2021, against defendants Ross Stores, Inc. ("Ross") and Jeff Jenkins ("Jenkins") (collectively, "Defendants") in the 113th District Court of Harris County, Texas, asserting claims of negligence against all Defendants and against Jenkins individually.[1] Ross filed a Notice of Removal on June 30, 2021.[2] Pending before the court is Plaintiff's Motion for Remand (Docket Entry No. 4), to which Ross has filed Defendant Ross Stores, Inc.'s Response to Plaintiff's Motion for Remand ("Ross's Response") (Docket Entry No. 7). For the reasons stated below, Plaintiff's Motion for Remand will be denied.

---

[1] Plaintiff's Original Petition ("Original Petition"), Exhibit 5 to Defendant Ross Stores, Inc.'s Notice of Removal ("Notice of Removal"), Docket Entry No. 1-5, pp. 3-4. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2] Notice of Removal, Docket Entry No. 1.

## I. Factual Allegations and Procedural Background

Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.[3] Ross is a corporation organized under the laws of Delaware,[4] with its principal place of business in California.[5] Jenkins is an individual who resided in Texas at the time this cause of action accrued.[6] Plaintiff is seeking "[m]onetary relief greater than $250,000.00 but less than $1,000,000.00."[7]

Plaintiff alleges in her Original Petition that on or about October 21, 2019, she was shopping at Ross's store in Humble, Texas — which Ross owned and operated, and which Jenkins managed — when she fell off of a "slippery stool" and suffered "severe injuries and damages."[8] Plaintiff alleges that because Ross's store was open to the public, she was an invitee in the store.[9] Plaintiff alleges that both Ross (as owner/operator) and

---

[3]Original Petition, Exhibit 5 to Notice of Removal, Docket Entry No. 1-5, p. 1; Notice of Removal, Docket Entry No. 1, p. 2 ¶ 5.

[4]Original Petition, Exhibit 5 to Notice of Removal, Docket Entry No 1-5, p. 1.

[5]Notice of Removal, Docket Entry No. 1, p. 2 ¶ 6.

[6]Original Petition, Exhibit 5 to Notice of Removal, Docket Entry No. 1-5, p. 1; see also Notice of Removal, Docket Entry No. 1, p. 2 ¶ 7 (describing Jenkins as "a citizen of the State of Texas").

[7]Original Petition, Exhibit 5 to Notice of Removal, Docket Entry No. 1-5, p. 5 ¶ VI(h).

[8]Id. at 2 ¶ IV.

[9]Id. at 3.

Jenkins (as premises manager) owed a duty of care to warn Plaintiff of or make reasonably safe any known dangerous condition, and/or to reduce or eliminate any unreasonable risk of harm to Plaintiff.[10] Plaintiff alleges that Defendants

 (a) Failed to ensure that the premises were safe for invitees and the public, and free from conditions that posed an unreasonable risk of harm to a person present on the property;

 (b) Failed to warn or give notice to [Plaintiff] of any unreasonable risk of harm to [Plaintiff];

 (c) Failed to make reasonably safe the dangerous conditions, which as a direct and proximate result, caused [Plaintiff] to sustain serious bodily injuries;

 (d) Failed to inspect, maintain and/or repair the premises;

 (e) Failed to maintain responsibility in regards to protecting the safety of invitees/guests/patrons/ the public; and

 (f) Failed to follow and/or implement safety and health policies, procedures, regulations, and/or rules that would protect the public at large, including [Plaintiff], from being harmed or injured.

Original Petition, Exhibit 5 to Notice of Removal, Docket Entry No. 1-5, pp. 3-4.

Plaintiff alleges that Jenkins specifically

 (a) Failed to ensure that the premises were safe for invitees and the public and free from conditions that posed an unreasonable risk of harm to a person present on the property;

 (b) Failed to adequately hire, train and/or supervise personnel at the premises; and

---

[10] Id. at 3-4.

    (c) Failed to make reasonably safe the dangerous conditions to persons on the premises.

Id. at 4.

Plaintiff also alleged that under the doctrine of respondeat superior, "ROSS as the owner/operator of the premises, should be held responsible for the negligent actions and conduct of one or more of its employees, agents or servants (including JENKINS), which directly and proximately caused the serious injuries of which [Plaintiff] now complains."[11]

Ross filed a Notice of Removal on June 30, 2021.[12] Plaintiff filed a Motion for Remand on July 14, 2021.[13] Plaintiff attached an Affidavit to the Motion for Remand in which she alleged for the first time that Jenkins instructed Plaintiff to use a stool that "was wobbly and did not have a hand rail[,]" which "caused [her] to fall on and injure [her] right arm."[14] Ross filed its Response on August 4, 2021.[15]

## II. Standard of Review

Except as otherwise expressly provided by Act of Congress, a defendant or defendants in a civil action brought in a State court

---

[11] Id. at 4.

[12] Notice of Removal, Docket Entry No. 1.

[13] Plaintiff's Motion for Remand, Docket Entry No. 4.

[14] Plaintiff's Affidavit, Exhibit 4 to Plaintiff's Motion for Remand, Docket Entry No. 4-7, p. 2.

[15] Ross's Response, Docket Entry No. 7.

may remove the action to federal court if the action is one over which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a). "To properly allege diversity jurisdiction under § 1332, the parties need to allege 'complete diversity.' That means 'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" MidCap Media Finance, L.L.C. v. Pathway Data, Incorporated, 929 F.3d 310, 313 (5th Cir. 2019) (quoting McLaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004)).

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." Manguno v. Prudential Property and Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002). Because removal jurisdiction raises significant federalism concerns, the removal statute is strictly construed, "and any doubt about the propriety of removal must be resolved in favor of remand." Gasch v. Hartford Accident & Indemnity Co., 491 F.3d 278, 281-82 (5th Cir. 2007).

### III. <u>Analysis</u>

#### A. Plaintiff's Petition States No Valid Claim Against Jenkins

Ross argues that Plaintiff improperly joined Jenkins with the intention of defeating diversity jurisdiction, and that Jenkins' citizenship should be disregarded for diversity purposes.[16]

"In reviewing a claim of fraudulent joinder, the district court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff." <u>Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.</u>, 99 F.3d 746, 751 (5th Cir. 1996). The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." <u>Smallwood v. Illinois Central Railroad Company</u>, 385 F.3d 568, 573 (5th Cir. 2004). Ross relies on the second method.[17]

To meet this burden Ross must show "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." <u>Smallwood</u>, 385 F.3d at 573. To determine whether a plaintiff has a reasonable basis of recovery under state law, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint

---

[16]Notice of Removal, Docket Entry No. 1, p. 2 ¶ 7.

[17]<u>Id.</u> at 3 ¶ 9.

states a claim under state law against the in-state defendant." Id.; see also International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd., 818 F.3d 193, 200-08 (5th Cir. 2016) (explaining why federal courts must apply the federal pleading standard and may not rely on Texas courts' more liberal "fair notice" pleading standard). To survive Rule 12(b)(6) scrutiny, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009) (internal quotations and citations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Ross argues that Plaintiff cannot recover from Jenkins individually because Plaintiff's Original Petition does not allege that Jenkins owed her any independent duty of care apart from the one that Ross owed her.[18] Under Texas law a corporate officer or agent can be liable to others for his own negligence, but "individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." Leitch v. Hornsby, 935 S.W.2d 114, 117 (Tex. 1996). Where a plaintiff's complaint fails to differentiate the duties owed by the individual defendant from those owed by the corporate defendant, the plaintiff cannot impose liability on the

---

[18]Notice of Removal, Docket Entry No. 1, p. 5 ¶¶ 16-18.

individual defendant. <u>Garcia v. Swift Beef Co.</u>, No. 2:20-CV-263-Z, 2021 WL 2826791, at *7 (N.D. Tex. July 7, 2021); see also <u>In re Butt</u>, 495 S.W.3d 455, 467 (Tex. App.—Corpus Christi 2016, orig. proceeding) ("[L]iability cannot be imposed on employees where the employer and the employees committed the identical negligent acts or omissions.").

As discussed in Part I, <u>supra</u>, Plaintiff's Original Petition makes substantially identical claims of negligence against Ross, Jenkins, and Defendants collectively.[19] Plaintiff asserts a single set of facts that she contends would establish liability against both Ross and Jenkins if proven. She further asserts that Ross is liable for Jenkins' conduct under a theory of respondeat superior.[20] She does not plead any facts establishing that Jenkins owed her an independent duty of care. Plaintiff's Original Petition thus offers no reasonable basis to predict that Plaintiff can recover from Jenkins individually. <u>See In re Butt</u>, 495 S.W.3d at 467. It follows that Jenkins is improperly joined and that his citizenship may not be considered for purposes of diversity jurisdiction.

**B.   The Court Cannot Consider Plaintiff's Affidavit**

Approximately two weeks after Ross filed its Notice of Removal, Plaintiff filed her Motion for Remand.[21] Plaintiff

---

[19] <u>See</u> Original Petition, Exhibit 5 to Notice of Removal, Docket Entry No. 1-5, pp. 3-4.

[20] <u>Id.</u> at 4.

[21] <u>See</u> Notice of Removal, Docket Entry No. 1; Plaintiff's Motion for Remand, Docket Entry No. 4.

attached an Affidavit to the motion in which she stated for the first time that Jenkins instructed Plaintiff to use a stool that "was wobbly and did not have a hand rail[,]" which "caused [her] to fall on and injure [her] right arm."[22] Ross argues that the court may not consider Plaintiff's Affidavit.[23]

District courts have limited discretion to pierce the pleadings and "consider 'summary judgment-type evidence such as affidavits and deposition testimony' when reviewing a fraudulent joinder claim." Griggs v. State Farm Lloyds, 181 F.3d 694, 700 (5th Cir. 1999) (quoting Cavallini v. State Farm Mutual Auto Insurance Co., 44 F.3d 256, 263 (5th Cir. 1995)). "Post-removal filings may not be considered, however, when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." Id.

> The rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious. Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved.

Cavallini, 44 F.3d at 264.

"[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude

---

[22]Plaintiff's Affidavit, Exhibit 4 to Plaintiff's Motion for Remand, Docket Entry No. 4-7, p. 2.

[23]Ross's Response, Docket Entry No. 7, p. 9 ¶ B.2.

plaintiff's recovery against the in-state defendant." Smallwood, 385 F.3d at 573-74 (emphasis added). In other words, a summary inquiry may doom a claim that meets the 12(b)(6) standard, but cannot redeem a claim that fails the 12(b)(6) standard.

For the reasons explained above, the court concludes that Plaintiff's Original Petition does not state a plausible claim for relief against Jenkins individually. It would be inappropriate for the court to pierce the pleadings and consider Plaintiff's Affidavit since the only reason to do so would be to save Plaintiff's chance of recovering against Jenkins, not to "preclude" it. Plaintiff's recovery against Jenkins is precluded because it does not survive a Rule 12(b)(6) analysis.

Moreover, the facts alleged in Plaintiff's Affidavit are not "undisputed" facts. See id. Jenkins denies telling Plaintiff to hang scarves or stand on a stool.[24] He states that the alleged incident occurred while he was working in the store's management office, and he was not present with Plaintiff at any time before or while she was hanging scarves.[25] District courts may pierce the pleadings only to identify "discrete and undisputed facts" because summary inquiry "carries a heavy risk" of entering into the merits of the dispute instead conducting a "simple and quick" check on jurisdiction. See id. The court will not weigh the credibility of

---

[24]Affidavit of Jeff Jenkins, Exhibit 2 to Ross's Response, Docket Entry No. 7-2, pp. 3-4 ¶¶ 12-13.

[25]Id. ¶¶ 12, 14.

dueling affidavits to determine jurisdiction. The time for Plaintiff to state a negligent-action claim against Jenkins was when Plaintiff filed her Original Petition, before Ross removed the case to federal court. That time has passed.

Even if the court were to pierce the pleadings and take all of the facts alleged in Plaintiff's Affidavit as true, the court could still not consider the Affidavit because it pleads a theory of recovery that is different from the theory pleaded in Plaintiff's Original Petition.

> [A] person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner. When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. When the injury is the result of the property's condition rather than an activity, premises-liability principles apply.

United Scaffolding, Inc. v. Levine, 537 S.W.3d 463, 471 (Tex. 2017) (quoting Occidental Chemical Corp. v. Jenkins, 478 S.W.3d 640, 644 (Tex. 2016)).

"Negligence and premises liability claims thus are separate and distinct theories of recovery, requiring plaintiffs to prove different, albeit similar, elements to secure judgment in their favor." Id. (citing Del Lago Partners, Inc. v. Smith, 307 S.W.3d 762, 775-76 (Tex. 2010)).

> In a negligent-activity case, a property owner or occupier must "do what a person of ordinary prudence in the same or similar circumstances would have . . . done," whereas a property owner or occupier in a premises liability case must "use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier [of land]

      knows about or in the exercise of ordinary care should know about."

Id. (quoting Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749, 753 (Tex. 1998) (alteration in original)).

"Underpinning the distinctions between these claims is the principle that 'negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe.'"  Id. (citing Del Lago, 307 S.W.3d at 776).

> Federal district courts . . . regularly have relied upon . . . the distinction between negligent activity and premises liability negligence claims, to conclude that an individual employee cannot be held liable for acts or omissions taken in the course and scope of employment without showing the existence of a duty the employee owed to the plaintiff that is independent from the duty the employer owed to the plaintiff.

Morris v. De Luna, Civil Action No. DR-20-CV-025-AM-VRG, 2021 WL 2980715, at *5 (W.D. Tex. Feb. 4, 2021) (listing cases).

Plaintiff's Original Petition relies on a theory of premises liability or nonfeasance — each allegation in the petition refers to some omission on Defendants' part, some action that they did not take to make the property safe.[26]  Conversely, the facts in Plaintiff's Affidavit would establish a claim for negligent action or malfeasance — something that Jenkins affirmatively did that

---

[26] See Original Petition, Exhibit 5 to Notice of Removal, Docket Entry No. 1-5, pp. 3-4.

caused Plaintiff's injuries.[27] Because Plaintiff's Affidavit is a post-removal filing that presents a new theory not raised in the controlling petition filed in state court, the court may not consider it. See Griggs, 181 F.3d at 700.

For the reasons explained above, Plaintiff's Motion for Remand will be denied. Because the court has no jurisdiction against Jenkins, he will be dismissed as a defendant.

### IV. Conclusions and Order

For the reasons explained above, Plaintiff's Motion for Remand (Docket Entry No. 4) is **DENIED**, and this action is **DISMISSED WITHOUT PREJUDICE** against Jeff Jenkins for lack of jurisdiction.

**SIGNED** at Houston, Texas, on this 15th day of September, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[27]See Plaintiff's Affidavit, Exhibit 4 to Plaintiff's Motion for Remand, Docket Entry No. 4-7, p. 2.